Edward L. Myers
vs.
Laramee's Transit            W. C. A. No. 791
Company

January 5, 1928.

TANNER, P. J. This is a petition by petitioner for compensation for his services to an injured workman. The only defence is that the workman has no ground for sustaining a petition for compensation against the employer.

It appears that the workman had been engaged in washing some cars in the employer's garage and, after having completed his work, he washed his hands in a pail of gasoline, as was the custom in that garage, and afterwards lighted a cigarette; that by reason of said cigarette being lighted, he caught fire. Thereupon some third person threw the contents of the pail of gasoline upon the workman, thinking that the pail contained water, and the employee was severely burned. It also appears that there were signs forbidding smoking in the garage.

The respondent contends that because of the employee's violation of this notice, it can not be said that the injury arose out of his occupation. But disobedience of rules or orders does not necessarily show that the injury does not arise from the employment.

1st Honnold on Workmen's Compensation, page 390.

The employee testified, without contradiction, that his employer, as well as the other workmen, was in the habit of disregarding this order and smoked in the garage. This itself would be sufficient to show that the

employee was not acting outside of his employment.

1st Honnold on Workmen's Compensation, pages 457, 458.

The respondent also contends that because the injury was aggravated by a third party throwing a pail of gasoline upon the employee, compensation is not due.

While the respondent has quoted one case which held where an employee, who had fainted during the course of her employment, was injured by some fellow employe throwing ammonia upon her, mistaking it for water, that no liability by the employer would arise, we can not agree with the reasoning of that case.

It seems to us that if we grant that the employee's work is in the course of his employment and some accident happens arising out of the employment, then the aggravation of said accident or injury by a third person must also logically be held to arise out of said employment.

We therefore find that the employee was injured during the course of his employment by an accident arising out of his employment and that the physician is therefore entitled to the sum of $150 for attendance.

For petitioner: Fergus J. McOsker.

For respondent: Greenough, Easton & Cross.